1  NORMAN L. SMITH [SBN 106344]
   nsmith@swsslaw.com
2  TANYA M. SCHIERLING [SBN 206984]
   tschierling@swsslaw.com
3  SOLOMON WARD SEIDENWURM & SMITH, LLP
   401 B Street, Suite 1200
4  San Diego, California 92101
   (t) 619.231.0303
5  (f) 619.231.4755

6  Attorneys for Plaintiffs Fourte
   International Limited BVI and Fourte
7  International Sdn. Bhd.

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  FOURTE INTERNATIONAL LIMITED BVI; a British Virgin Islands company; FOURTE INTERNATIONAL SDN.BHD., a Malaysia company,<br><br>Plaintiffs,<br>v.<br>PIN SHINE INDUSTRIAL CO., LTD., a Taiwan business company; SUZHOU PINSHINE TECHNOLOGY CO., LTD.; a Peoples Republic of China company; SUZHOU SUNSHINE TECHNOLOGY CO., LTD.; a Peoples Republic of China company; BOBBIN & TOOLING ELECTRONICS INTERNATIONAL COMPANY OF BVI, a British Virgin Islands company,<br><br>Defendants. | Case No. 18-cv-00297-BAS BGS<br><br>**EX PARTE APPLICATION FOR COURT ORDER AUTHORIZING SERVICE OF SUMMONS AND COMPLAINT BY THE CLERK OF COURT BY MAILING, WITH SIGNED RETURN RECEIPT REQUESTED**<br><br>**(FED. RULE CIV. PROC. 4(f)(2)(C)(ii)**<br><br>Complaint Filed:  2/7/18<br><br>Judge:    Hon. Cynthia Bashant<br>Magistrate:    Bernard G. Skomal |

1  Plaintiffs FOURTE INTERNATIONAL LIMITED BVI and FOURTE INTERNATIONAL SDN.BHD (collectively, "**Plaintiffs**") apply ex parte[1] to request that the Court issue an Order authorizing the Clerk of Court to serve the Summons and Complaint in this action on Defendants Pin Shine Industrial Co., Ltd. ("**Pin Shine**") and Bobbin & Tooling Electronics International Company ("**Bobbin**") by mail, with signed return receipt requested, pursuant to Fed. Rule Civ. Proc. 4(f)(2)(C)(ii). More specifically, Plaintiffs request an Order authorizing the service via Federal Express, and Plaintiffs will provide the Clerk of Court with pre-paid Federal Express envelopes for that purpose.

Plaintiffs initially sent a letter to the Clerk of Court requesting such service. Unlike Fed. Rule Civ. Proc. 4(f)(3), Fed. Rule Civ. Proc. 4(f)(2)(C)(ii) does not on its face require a court Order. However, the Clerk of Court informed Plaintiff's counsel that it requires this Court's Order authorizing such service.

Service of the Summons and Complaint on Pin Shine and Bobbin by the Clerk of Court by mail, with signed return receipt requested, is permitted pursuant to Fed. Rule Civ. Proc. 4(f)(2)(C)(ii). Plaintiffs are informed and believe, and on that basis allege, that Pin Shine operates and maintains its place of business in Taiwan and that Bobbin operates and maintains its place of business in Hong Kong. Their respective mailing addresses are listed below. Under Fed. Rule Civ. Proc 4(h)(2), a foreign company may be served in any manner allowed by Fed. Rule Civ. Proc. 4(f) for serving an individual in a foreign country, except personal delivery under Fed Rule Civ. Proc. 4(f)(2)(C)(i). Rule (4)(f)(2)(C)(ii) allows for service: "unless prohibited by the foreign country's law, by … using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt."

---

[1] Plaintiffs have not served this ex parte application on any defendant, as no defendants have yet been served or otherwise appeared in this action. The purpose of this application is to achieve service on two of the defendants.

1  Plaintiffs are informed and believe, and on that basis allege, that the laws of Taiwan[2] and Hong Kong SAR[3] do not prohibit service of judicial process by mail.

Accordingly, Plaintiffs respectfully request that this Court issue an Order authorizing the Clerk of Court to serve the Summons, Complaint and Civil Cover Sheet on Pin Shine and Bobbin, at the respective addresses listed below, by Federal Express:

---

[2] Numerous courts have held that mail addressed and sent by the clerk, requiring a signed receipt, is not prohibited by Taiwanese law and constitutes valid service. *SMC Networks, Inc. v. Hitron Techs., Inc.*, No. SACV 12-1293-JST (RNBx), 2012 U.S. Dist. LEXIS 195715, at **4-5 (C.D. Cal. Oct. 30, 2012); *SignalQuest, Inc. v. Tien-Ming Chou & Oncque Corp.*, 2012 DNH 90, 284 F.R.D. 45, 46 ("it is undisputed that Taiwanese law does not expressly prohibit" service via FedEx from the clerk of court"); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-CV-03972-LHK, 2011 U.S. Dist. LEXIS 99922, at *3 (N.D. Cal. Sept. 6, 2011) ("sid[ing] with th[e] clear weight of authority" holding that "Taiwan law does not prohibit service" by clerk of the court; *Power Integrations, Inc. v. Sys. Gen. Corp.*, No. C 04-02581 JSW, 2004 U.S. Dist. LEXIS 25414, at *3 (N.D. Cal. Dec. 7, 2004) (holding that request with the clerk of court to perfect service via Federal Express was valid service of process on Taiwan corporation).

[3] Numerous courts have found that mail addressed and sent by the clerk, requiring signed receipt, is effective in Hong Kong, China. *TracFone Wireless, Inc. v. Unlimited PCS Inc.*, 279 F.R.D. 626, 628 (S.D. Fla. 2012) (Hong Kong is a party to the Hague Service Convention ("**Convention**"); however, service by postal channels can be effectuated in Hong Kong in compliance with the Convention and FRCP 4(f)(2)(C)(ii)), citing *Willis v. Magic Power Co., Ltd.*, No. 10-4275, 2011 U.S. Dist. LEXIS 3238, 2011 WL 66017, at *2 (E.D. Pa. Jan. 7, 2011) ("Neither the People's Republic of China nor Hong Kong has objected under the Hague Service Convention to service of process by mail in Hong Kong."); *Bequator*, 717 F. Supp. 2d at 1309 (Hong Kong does not object to judicial documents being sent by postal channels under Article 10(a)); *Sunstrike*, 273 F.R.D. at 699 (permitting service to Hong Kong by postal channel where the plaintiff "attached evidence showing that, with respect to Article 10(a) of the Hague Convention, Hong Kong has 'no objection' to sending judicial documents directly to persons in their jurisdiction by postal channels."); *Silver Top Ltd. v. Monterey Indus. Ltd.*, No. 94-5731, 1995 U.S. Dist. LEXIS 1981, 1995 WL 70599, at *2 (S.D.N.Y. Feb. 21, 1995) (service of process by registered mail to Hong Kong defendants was an appropriate method of service under the Convention). *See also, Graphic Styles/Styles Int'l LLC v. Vinnie's Int'l H.K. Custom Tailors*, No. 17-02713, 2018 U.S. Dist. LEXIS 12025, at *5 (E.D. Pa. Jan. 24, 2018) ("[W]e find that Hong Kong does not prohibit service of process through certified mail return receipt requested"), citing *Willis v. Magic Power Co., Ltd.*, No. 10-cv-4275, 2011 U.S. Dist. LEXIS 3238, 2011 WL 66017, at *3 (E.D. Pa. Jan. 7, 2011); *Ackourey v. Noblehouse Custom Tailors*, 2013 WL 6061365, at *3 (E.D. Pa. Nov. 15, 2013) (service by mail on Hong Kong defendant is permissible).

| | |
|---|---|
| 1 | PIN SHINE INDUSTRIAL TECHNOLOGY CO., LTD |
| | 7F, No. 3, Wuquan 1st Rd. |
| 2 | Xinzhuang Dist. |
| | 242 New Taipei City |
| 3 | Taiwan |
| 4 | BOBBIN & TOOLING ELECTRONICS INT. CO., LTD |
| | Panocean Secretarial Services Limited |
| 5 | Room 1708 Kai Tak Commercial Building |
| | 317-321 Des Voeux Road C |
| 6 | Hong Kong SAR |

DATED: March 13, 2018    SOLOMON WARD SEIDENWURM & SMITH, LLP


By: s/Tanya M. Schierling
tschierling@swsslaw.com
Attorneys for Plaintiffs Fourte International Limited BVI and Fourte International Sdn. Bhd