ALAN C. CHEN, (SBN 224420)
  acchen@zuberlaw.com
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Avenue, 32nd Floor
Los Angeles, California 90071
Telephone:  (213) 596-5620
Facsimile:   (213) 596-5621

Attorneys for Defendants
Suzhou Pinshine Technology Co., Ltd., and
Suzhou Sunshine Technology Co., Ltd.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTE INTERNATIONAL LIMITED BVI, a British Virgin Islands company; FOURTE INTERNATIONAL SDN.BHD., a Malaysia company,<br><br>Plaintiffs,<br><br>v.<br><br>PIN SHINE INDUSTRIAL CO., LTD., a Taiwan business company; SUZHOU PINSHINE TECHNOLOGY CO., LTD., a Peoples Republic of China company; SUZHOU SUNSHINE TECHNOLOGY CO., LTD., a Peoples Republic of China company; BOBBIN & TOOLING ELECTRONICS INTERNATIONAL COMPANY OF BVI, a British Virgin Islands company,<br><br>Defendants. | Case No. 3:18-cv-00297-BAS-BGS<br><br>**SPECIALLY APPEARING DEFENDANTS' OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR COURT ORDER AUTHORIZING EMAIL SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANTS SUZHOU PINSHINE TECHNOLOGY CO., LTD. AND SUZHOU SUNSHINE TECHNOLOGY CO., LTD.**<br><br>**(FED. RULE CIV. PROC. 4(f)(3))**<br><br>Judge:  Hon. Cynthia Bashant<br><br>Complaint Filed:  February 7, 2018<br>Trial Date:  None Set |

Specially appearing defendants Suzhou Pinshine Technology Co., Ltd. and Suzhou Sunshine Technology Co., Ltd. (together, "Defendants") submit this memorandum in opposition to Plaintiffs Fourte International Limited BVI and Fourte International SDN.BHD's (together, "Plaintiffs") *ex parte* Application for an Order authorizing email service of the Summons and Complaint in this action on Defendants by email (the "Application").

## I. Defendants Make A Special Appearance In This Action Only To Oppose Plaintiffs' *Ex Parte* Application

As a threshold matter, Defendants' special appearance in this action is intended to notify the Court of Plainitff's lack of compliance with the Court's rules and the Federal Rules of Civil Procedure and to challenge Plaintiff's requested manner of service of process. This special appearance should not be construed as accomplishing service or submitting to the Court's jurisdiction. If and once Plaintiffs actually effectuate service, Defendants intend to assert appropriate service of process and jurisdiction defenses if applicable. Accordingly, Defendants' special appearance in this action do not waive their right to challenge Plaintiffs' method of service or the Court's jurisdiction over them. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000) (noting defendant preserved his right to bring a Rule 12(b)(5) motion when he raised an insufficient service of process defense in his previous motion); *Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, No. CV1604502BROMRWX, 2016 WL 7479373, at *5 (C.D. Cal. Sept. 8, 2016) (finding that where, in its "first appearance in th[e] action," defendant "explicitly stated that it intended to assert the defense of insufficient service of process . . . it did not waive its right to challenge Plaintiff's method of service"); *see also Tart Optical Enterprises, LLC v. Light Co.*, No. LACV1608061JAKMRWX, 2017 WL 5957728, at *2 (C.D. Cal. Sept. 27, 2017) (defendant entered a special appearance and filed an opposition arguing it had not been served properly).

## II. Plaintiffs' Application Does Not Comply With The Court's Rules Regarding *Ex Parte* Applications

Plaintiffs have failed to comply with the Court's local rules regarding *ex parte* motions. Pursuant to this Court's standing order, all *ex parte* applications must comply with the civil local rules. *See* Hon. Bashant Standing Order, ¶ 6. Although Plaintiffs claim to "have been continuously in email communications with [Defendants]," [Dkt. 5 at 4], Plaintiffs' declarations fail to document the specific efforts Plaintiffs made to contact Defendants regarding their present Application, as required by Civil Local Rule 83.3(g)(2). [*See* Dkt. 5-1; Dkt. 5-2]. Neither of the declarations Plaintiffs filed with their Application assert, as required, that (1) before making the motion, Plaintiffs informed Defendants when and where the motion would be made, or (2) Plaintiffs in good faith attempted to inform Defendants of their motion but were unable to do so, specifying the efforts made to inform them, or (3) Plaintiffs should not be required to inform Defendants of the motion for particular reasons specified. *See id*; Local R. 83.3(g)(2). Indeed, Plaintiffs made *no* attempt at all to inform Defendants about their Application before it was made. *See* Declaration of Alan C. Chen ("Chen Decl."), ¶¶ 2, 3. Plaintiffs' filing of the Application on an *ex parte* basis without notice lacked the requisite good faith and was an attempt to prejudice Defendants, who are located 15 hours ahead of Plaintiffs, and deprive them of a meaningful opportunity to object to the Application. Accordingly, Plaintiffs' *ex parte* Application is improper under the Court's local rules.

## III. Service By Email Is Impermissible Under the Circumstances Due to Plaintiff's Lack of Due Diligence

Plaintiffs argue that the Court should order an alternative method of serving process under Rule 4(f)(3) because (1) one of Defendants, Suzhou Pinshine Technology Co., Ltd., allegedly refused receipt of the Summons and Complaint, and (2) service by email is "the most efficient and effective method of service." [Dkt. 5

at 4]. This argument is wholly unavailing as, "[a]lthough a plaintiff need not have attempted every permissible means of service of process before petitioning the court for alternative relief [pursuant to Rule 4(f)(3)], a plaintiff must show that facts and circumstances of the present case *necessitate* the court's intervention." *Tart Optical*, 2017 WL 5957728, at *6 (quotations and citation omitted) (emphasis added). Plaintiffs have not shown any such facts and circumstances.

      First, notwithstanding opportunities to comply with the required means of service under the Hague Convention, Plaintiffs have elected not to use them. There are several methods to effectuate service under the Hague Convention: (1) use of the country's designated Central Authority (Hague Convention, Art. 2); (2) international postal channels (*id.*, Art. 10(a)); direct service through an agent in the destination country (*id.*, Art. 10(b)); service through diplomatic or consular channel (*id.*, Art. 8); or service under the destination country's local rules (*id.*, Art. 19). To the best of Defendants' knowledge, Plaintiffs have made no effort to comply with China's rules of service of process, under which email service is not authorized,[1] or any other means outlined in the Hague Convention. Chen Decl., ¶¶ 2-4.

      Second, "the mere fact that service of process abroad is expensive and time consuming is generally not sufficient to demonstrate that the facts and circumstances necessitate the district court's intervention." *Tart Optical*, 2017 WL 5957728 at *6. (citation omitted). Therefore, there is no justification to allow an alternative service method. *Id.* (denying plaintiff's motion to authorize service by email and through defendant's Facebook account). On this basis alone, the Court should deny Plaintiffs' Application.

---

[1] Plaintiffs do not point to any Chinese law allowing service by email, nor could they, as service by email is not authorized under Chinese law. *See* Chen Decl., ¶ 4 (citing Civil Procedure Law of the People's Republic of China, Art. 77-84). Therefore, Plaintiffs cannot serve Defendants in compliance with Chinese law by their requested method.

2147-1003 / 1117575.3

### IV. Service By Email Is Prohibited By The Hague Convention As Between The United States And China

Rules 4(h)(2) and 4(f)(3) permit service of summons on a foreign corporation "by other means not prohibited by international agreement, as the court orders." Accordingly, if a means of service is "prohibited by international agreement," then, under Rule 4(f)(3), it may not be used *even with* a court order. As such, for Plaintiffs to establish that service of process upon Defendants by email is appropriate, they must show that an applicable international agreement does not prohibit service by email. Plaintiffs do not (and cannot) carry this burden.

Plaintiffs contend that service on Defendants by email is proper because the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Convention"), to which China is a signatory, does not prohibit email service. [Dkt. 5 at 2-3]. However, in so arguing, Plaintiffs attempt to simplify the issue, as the Hague Convention *does* prohibit effectuating service by "postal channels, directly to persons abroad" *where the destination country has objected to such means of service*. (Hague Convention, Art. 10(a)). Plaintiffs concede that China has indeed objected to Article 10 of the Hague Convention regarding service by "postal channels," [*see* Dkt. 5 at 3], and email is a "postal channel," or tantamount to the same. *See Agha v. Jacobs*, No. C 07-1800 RS, 2008 WL 2051061, at *2 (N.D. Cal. May 13, 2008) (finding "no policy or other basis" for drawing a distinction between email and "postal channels"). Plaintiffs also do not contend that the physical addresses of Defendants are unknown. Accordingly, because service of process by email is prohibited by the applicable Hague Convention as it exists between the United States and China, the Court should deny Plaintiffs' Application. *See id.* at *1-*2 (denying motion to serve summons and complaint by email and holding that plaintiff seeking alternative service by email on defendants under Rule 4(f)(3) had failed to show that such means were permissible under the applicable international agreement, as Germany

was a member of the Hague Convention and had filed its objection under Article 10 to service through postal channels, and email could not be distinguished from "postal channels").

For the reasons set forth above, Defendants respectfully request that this Court issue an Order denying Plaintiffs' *ex parte* Application for an Order authorizing service of the Summons and Complaint in this action on Defendants by email.

Respectfully submitted,

Dated: March 27, 2018     ZUBER LAWLER & DEL DUCA LLP

By: /s/ *Alan C. Chen*
Alan C. Chen
Attorney for Defendants
Suzhou Pinshine Technology Co., Ltd., and
Suzhou Sunshine Technology Co., Ltd.
acchen@zuberlaw.com

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 350 S. Grand Avenue, 32nd Floor, Los Angeles, CA 90071.

On March 27, 2018, I served true copies of the following document(s) described as **OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR COURT ORDER AUTHORIZING EMAIL SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANTS SUZHOU PINSHINE TECHNOLOGY CO., LTD. AND SUZHOU SUNSHINE TECHNOLOGY CO., LTD.** on the interested parties in this action as follows:

Norman L. Smith                    Email: nsmith@swsslaw.com
Tanya Marie Schierling             Email: tschierling@swsslaw.com
SOLOMON WARD
SEIDENWARM & SMITH, LLP
401 B Street, Suite 1200
San Diego, CA 92101
Tel:   (619) 231-0303
Fax:   (619) 231-4755

*Counsel for Plaintiffs*
*Fourte International Limited BVI and*
*Fourte International SDN. BHD.*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 27, 2018, at Los Angeles, California.

/s/ Alan C. Chen
Alan C. Chen

2147-1003 / 1117575.3

3:18-cv-00297-BAS-BGS