# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTE INTERNATIONAL LIMITED BVI, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>PIN SHINE INDUSTRIAL CO., LTD., *et al.*,<br><br>　　　　　　Defendants. | Case No. 18-cv-00297-BAS-BGS<br><br>**ORDER DENYING EX PARTE MOTIONS FOR ORDER AUTHORIZING ALTERNATIVE MEANS OF SERVICE OF SUMMONS AND COMPLAINT**<br><br>**[ECF Nos. 5. 9]** |

　　　　Pending before the Court is Plaintiff Fourte International Limited BVI and Plaintiff Fourte International Sdn. Bhd.'s (collectively, "Plaintiffs") ex parte motion and supplemental ex parte motion for an order authorizing Plaintiffs to use alternative methods to serve the complaint and summons on Defendants Suzhou Pinshine Technology Co., Ltd. ("Pinshine") and Suzhou Sunshine Technology Co., Ltd. ("Sunshine") (collectively, "Defendants"), both located in China. (ECF Nos. 5, 9.) Plaintiffs requests two alternative avenues pursuant to Rule 4(h)(2) and Rule 4(f)(3): (1) email service (ECF No. 5), and (2) service on the office of Defendants' California

1  attorney (ECF No. 9). Defendants' counsel opposed both ex parte motions. (ECF
2  Nos. 6, 10.)

3  Previously, this Court granted Plaintiffs' ex parte application requesting the Court to authorize service of the summons and complaint by the Clerk of the Court pursuant to Rule 4(f)(2)(C)(ii) on two other defendants, Pin Shine Industrial Co., Ltd. and Bobbin & Tooling Electronics International Company of BVI. (ECF No. 4.) The motion was unopposed. Service was not affected upon Pin Shine Industrial Co., Ltd. because Pin Shine Industrial Co., Ltd. refused to accept the delivery. (ECF No. 11.)

For the reasons herein, the Court **DENIES** Plaintiffs' ex parte requests.

I. **LEGAL STANDARD**

Under Federal Rule of Civil Procedure Rule 4(h)(2), if a corporation is served outside any judicial district of the United States, it must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Rule 4(f) permits service on an individual, other than a minor, an incompetent person, or a person whose waiver has been filed, at a place not within any judicial district of the United States by one of three means. Of the methods Rule 4(f) permits, it "does not denote any hierarchy or preference of one method of service over another." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Rule 4(f)(1) expressly addresses service pursuant to the Hague Convention. *See* Fed. R. Civ. P. 4(f)(1). Like the United States, China is a signatory to the Hague Convention. The Hague Convention requires signatory countries to establish a Central Authority to receive requests for service of documents from other countries and to serve those documents by methods compatible with the internal laws of the receiving state. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698-99 (1988). Service through a country's Central Authority is the principal means of service under the Hague Convention.

Rule 4(f)(3) permits service on an individual located abroad "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); *cf. Rio Props., Inc. v. Rio Int'l* Interlink, 284 F.3d 1007, 1015 n.4 (9th Cir. 2002) ("A federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention, referenced in Rule 4(f)(1)."). Service by email or on local U.S. counsel is not expressly prohibited by the Hague Convention. *See* Art. 1-14; *see also California Bd. Sports, Inc. v. G.H. Dijkmans Beheer B.V.*, No. CIV.09CV1855LRBB, 2009 WL 3448456, at *1 (S.D. Cal. Oct. 21, 2009). The Ninth Circuit has determined that "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief,'" *Rio Props.*, 284 F.3d at 1015 (quoting *Forum Fin. Grp., LLC v. President & Fellows*, 199 F.R.D. 22, 23-23 (D. Me. 2001)), and is available "without first attempting service by other means." *Id.* (referring to the advisory committee notes to Rule 4(f)). However, the moving party must show "that the facts and circumstances of the . . . case necessitate[ ] the district court's intervention." *Id.* at 1016 (finding alternative means of service was necessary because defendant was "elusive" and "striving to evade service of process").

## II. DISCUSSION

As an initial matter, Plaintiffs argue for the first time in their Reply that Defendants cannot "specially appear" in federal court, and thus, by filing oppositions to Plaintiffs' motions regarding service, the Court "should find that Defendants . . . are deemed served." (ECF No. 7 at 2-3.) Even if the Court was to consider this argument, it fails. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (finding that making a "general appearance" requires an intention to appear); *see also Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, No. CV 16-04502-BRO (MRWx), 2016 WL 7479373, at *11 (C.D. Cal. Sept. 8, 2016) (rejecting plaintiff's argument regarding special appearances when defendant explicitly stated it intended to

challenge service in its first appearance to dispute an entry of default). Though Defendants' counsel's label that he is "specially appearing" has no legal significance, it "does emphasize a party's intent to object to jurisdiction." *McGarr v. Hayford*, 52 F.R.D. 219, 221 (S.D. Cal. 1971). Defendants have not waived any arguments relating to insufficient service; instead, each appearance counsel has made is to solely dispute the methods of service. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir.1998); *cf. Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 597 (D. Nev. 2015) ("Such defenses may also be waived when a defendant 'engage[s] in . . . deliberate, strategic behavior' in defending against the lawsuit."). Thus, the Court declines to find Defendants have waived any arguments regarding service or that Defendants have been served.

As to Plaintiffs' requests for a court order to serve Defendants by other alternative methods under Rule (f)(3), the Court denies Plaintiffs' requests. The Court finds that Plaintiffs have not shown that the circumstances of this action necessitate the Court's intervention. Plaintiffs only argue that the requested alternative methods of service are the most efficient and effective methods of service, but this argument does not meet the requisite standard for obtaining a court order. *See Rio Props.*, 284 F.3d at 1016; *see also California Bd. Sports, Inc.*, 2009 WL 3448456, at *2 (denying request for service on U.S. counsel when plaintiff only argued that service through available methods was "too slow"). Plaintiffs have not alleged any facts that show that the available methods of service have failed to affect service, that this case is of particular urgency requiring alternative service methods, or any other facts to support their requests. Instead, Plaintiffs only state that they attempted to serve a "waiver of service of summons packet" on Pinshine by Federal Express, which Pinshine refused. (Schierling Decl., ECF No. 5-1, ¶ 2.)

Therefore, the Court **DENIES** Plaintiffs' *ex parte* requests to permit email service and service on Defendants' counsel under Rule 4(f)(3).

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' ex parte requests to authorize alternative service of process on Defendants Pinshine and Sunshine. (ECF Nos. 5, 9.)

**IT IS SO ORDERED.**

DATED: April 11, 2018

Hon. Cynthia Bashant
United States District Judge