NORMAN L. SMITH [SBN 106344]
nsmith@swsslaw.com
TANYA M. SCHIERLING [SBN 206984]
tschierling@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Plaintiffs Fourte International Limited BVI and Fourte International Sdn. Bhd.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTE INTERNATIONAL LIMITED BVI; a British Virgin Islands company; FOURTE INTERNATIONAL SDN.BHD., a Malaysia company,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PIN SHINE INDUSTRIAL CO., LTD., a Taiwan business company; SUZHOU PINSHINE TECHNOLOGY CO., LTD.; a Peoples Republic of China company; SUZHOU SUNSHINE TECHNOLOGY CO., LTD.; a Peoples Republic of China company; BOBBIN & TOOLING ELECTRONICS INTERNATIONAL COMPANY OF BVI, a British Virgin Islands company,<br><br>　　　　Defendants. | Case No. 18-cv-00297-BAS BGS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR COURT ORDER AUTHORIZING ALTERNATIVE METHODS OF SERVICE ON DEFENDANTS SUZHOU PINSHINE TECHNOLOGY CO., LTD.; SUZHOU SUNSHINE TECHNOLOGY CO., LTD.; AND PIN SHINE INDUSTRIAL CO., LTD.**<br><br>Complaint Filed:  2/7/18<br><br>Hearing Date:  December 3, 2018<br><br>Judge:　Hon. Cynthia Bashant<br>Magistrate:　Bernard G. Skomal<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

# I.

# **INTRODUCTION**

Plaintiffs Fourte International Limited BVI and Fourte International SDN.BHD (collectively, "**Plaintiffs**") submit this Memorandum of Points and Authorities in support of their Motion for Order Authorizing Alternative Methods of Service ("**Motion**") pursuant to Federal Rules of Civil Procedure ("**FRCP**") 4(h)(2) and 4(f)(3), authorizing service of the Summons, Complaint, Civil Cover Sheet, and Notice of Party With Financial Interest in this action on three remaining unserved defendants[1] that are located in the People's Republic of China ("**China**") and the Republic of China[2] ("**Taiwan**")—Suzhou Pinshine Technology Co., Ltd., a People's Republic of China company ("**Suzhou Pinshine**"); Suzhou Sunshine Technology Co., Ltd., a People's Republic of China company ("**Suzhou Sunshine**"); and Pin Shine Industrial Co., LTD., a Taiwan company ("**Pin Shine**") (collectively the "**Remaining Defendants**")—by the alternative methods of email to the Remaining Defendants' principal and/or by email and personal delivery to the Remaining Defendants' California counsel who has appeared as counsel of record for the Remaining Defendants in this action and in an arbitration proceeding commenced by Pin Shine in California.

With respect to Suzhou Pinshine and Suzhou Sunshine (collectively, the "**Suzhou Defendants**"), this Court previously denied Plaintiffs' ex parte application for email service and service on the Suzhou Defendants' counsel appearing in this action, finding that "circumstances of this action [have not been shown to] necessitate the Court's intervention." (Order Denying Ex Parte Application for

---

[1] Plaintiffs successfully served the fourth defendant, Bobbin & Tooling Electronics International Company of BVI ("**Bobbin**"), by delivery of the Court Clerk's service package, and the Court has entered Bobbin's default.

[2] The Republic of China is the government that governs Taiwan. The Official website of the Republic of China, https://www.taiwan.gov.tw/.

Alternative Service (Dkt. No. 13) ("**First Order**").) Plaintiffs' Motion is based on events and circumstances occurring since the First Order, which show that the Court's intervention is needed.

The Suzhou Defendants are People's Republic of China companies. Since the Court's First Order, Plaintiffs have learned that the Chinese Ministry of Justice will not process the service of process documents in this action because the documents reference "Taiwan," as China does not recognize Taiwan.

With respect to Pin Shine, which is a Taiwan company, Plaintiffs applied for, and the Court granted, permission to serve Pin Shine by mail by Clerk. (Dkt. Nos. 3-4.) Pin Shine has since refused the Court Clerk's service package (Dkt. No. 11), necessitating an alternative service method on Pin Shine, too.

With respect to all Remaining Defendants, Plaintiffs sent Rule 4(d) waiver packets; none of which have been returned. (Declaration of Tanya M. Schierling ("**Schierling Decl.**") ¶¶ 2, 4.) Also, since the First Order, Pin Shine commenced arbitration proceedings against Plaintiffs in California, pursuant to a contractual arbitration clause. Plaintiffs filed counterclaims against Pin Shine and the Remaining Defendants. Attorney Alan Chen, a California lawyer, has appeared on behalf of all defendants in this action and has also appeared and filed responses on behalf of all defendants in the arbitration proceedings. (Dkt. No. 10; Schierling Decl. ¶¶ 7, 8, Ex. B.)

Accordingly, based on events transpiring since the First Order, Plaintiffs request issuance of this Court's Order permitting service on the Remaining Defendants by the alternative methods of email to the Remaining Defendants' principal, Stephen Huang, and/or by email and personal delivery to the Remaining Defendants' California counsel, Attorney Chen.

## II.

## LEGAL STANDARD

Pursuant to FRCP 4(h)(2), a foreign company may be served in any manner allowed by FRCP 4(f) for serving an individual in a foreign country, except personal delivery under FRCP 4(f)(2)(C)(i). Service under any provision of FRCP 4(f) is equally valid, as there is no "hierarchy of preferred methods of service of process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-1015 (9th Cir. 2002). Service of the Summons and Complaint on Defendants by email is permitted pursuant to FRCP 4(f)(3), so long as it is "(1) directed by the Court; and (2) not prohibited by international agreement." *FKA Distrib. Co., LLC v. Yisi Tech. Co., Ltd.*, 2017 U.S. Dist. LEXIS 151679, *2.

China—The Suzhou Defendants. As the Court noted in its First Order, "[s]ervice by email or on local U.S. counsel is not expressly prohibited by the Hague Convention." China is a member of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("**Hague Convention**").[3] Numerous courts have held that the Hague Convention does not prohibit email service.[4] Additionally, courts have held email service[5] valid on

---

[3] *See* Hague Conference on Private International Law, Mar. 20, 2018, https://www.hcch.net/en/instruments/conventions/status-table

[4] *See Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, 2016 U.S. Dist. LEXIS 43128, at *3 (C.D. Cal. Mar. 25, 2016) ("[T]he Hague Convention does not expressly prohibit service by email."); *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261-62 (S.D. Ohio 2013) (collecting cases showing that "[v]arious courts have agreed that service by email is not prohibited by the Hague Convention"); *Williams–Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS, 31299, (N.D. Cal. Apr. 17, 2007), at *7 (allowing email service on defendants residing in countries that are signatories to the Hague Convention).

Chinese companies under FRCP 4(f)(3), despite China's objection to Article 10 of the Hague Convention regarding service by "postal channels."[6]

Taiwan—Pin Shine. Taiwan is not a party to an international agreement relating to service of judicial process. Thus, courts are not constrained by the prohibition that service ordered by the court pursuant to Rule 4(f)(3) not be prohibited by international agreement. *See Tatung Company, Ltd. v. Shu Tze Hsu*, CV 16-04502-BRO (MRWx) 2016 U.S. Dist. LEXIS 186805, at *10 (C.D. Cal. Aug. 18, 2016). Therefore, court-ordered service is expandable to the limits of due process.

Email Service. Service under FRCP 4(f)(3) must comport with due process. *Rio* at 1016. "To meet this requirement, the method of service crafted by the district

---

[5] Courts have also found service on Chinese company defendants through Facebook valid under FRCP 4(f)(3) in the right circumstances. *Juicero, Inc. v. iTaste Co.*, No. 17-cv-01921-BLF, 2017 U.S. Dist. LEXIS 86033, at *7 (N.D. Cal. June 5, 2017) ("Service through a Facebook account is not among the means listed in Article 10, and the Court is unaware of any international agreement by which China has objected to service of process through Facebook. It is therefore a permissible alternative under Rule 4(f)(3).").

[6] *See, e.g., Jackson Lab. v. Nanjing Univ.*, No. 1:17-cv-00363-GZS, 2018 U.S. Dist. LEXIS 13630, at *9 (D. Me. Jan. 29, 2018); *FKA Distrib. Co., LLC v. Yisi Tech. Co., Ltd.*, No. 17-cv-10226, 2017 U.S. Dist. LEXIS 151679, at *1 (E.D. Mich. Sep. 19, 2017); *Microsoft Corp. v. Goldah.Com Network Tech. Co.*, No. 17-CV-02896-LHK, 2017 U.S. Dist. LEXIS 168537, at *11 (N.D. Cal. Oct. 11, 2017); *Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Grp.*, No. SA CV 15-0246-DOC (DFMx), 2016 U.S. Dist. LEXIS 43128, at *9 (C.D. Cal. Mar. 25, 2016); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015) (permitting service by email on Chinese corporation pursuant to FRCP 4(f)(3); concluding that objections to the specific forms of service permitted by Article 10, including service by postal mail, do not cover "service by other alternative means, including email"); *Gucci America, Inc. et al v. Huoqing*, Case No. 09-05969 JCS, Dkt. No. 17 (N.D. Cal. Mar. 11, 2010), *but see Agha v. Jacobs*, No. C 07-1800 RS, 2008 U.S. Dist. LEXIS 109326 at *1-2 (N.D. Cal. May 13, 2008) (finding plaintiff's "attempt to distinguish email and facsimile from the 'postal channels' referred to in the text of Article 10 . . . unavailing.").

must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (*quoting Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950).) To order email service, courts evaluate the evidence that email has been an effective means of communicating with the party to be served to ensure it is calculated to provide notice and an opportunity to be heard.[7]

<u>Service by Delivery to California Counsel</u>. Service of the Summons and Complaint on the Remaining Defendants by email and personal delivery to their California legal counsel, who has appeared in this action and in arbitration proceedings on their behalf, is permitted pursuant to FRCP 4(f)(3), so long as it is "(1) directed by the Court; and (2) not prohibited by international agreement." *FKA Distrib. Co., LLC v. Yisi Tech. Co., Ltd.*, 2017 U.S. Dist. LEXIS 151679, *2. To this point, courts have found service on U.S. lawyers for Chinese company defendants to be valid. *Juicero, Inc. v. iTaste Co.*, No. 17-cv-01921-BLF, 2017 U.S. Dist. LEXIS 86033, at **8-9 (N.D. Cal. June 5, 2017) ("[S]ervice on a defendant's legal counsel is commonly found to comply with due process.").

Finally, "service under [FRCP 4(f)(3)] does not have to be a last resort, nor is it only warranted in extraordinary circumstances." *FKA Distrib. Co., LLC v. Yisi Tech. Co., Ltd.*, 2017 U.S. Dist. LEXIS 151679, *2 (*citing Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015-2016 (9th Cir. 2002).)

---

[7] *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572 JSW, 2007 U.S. Dist. LEXIS 31299, at *5 (N.D. Cal. Apr. 17, 2007); *see also Rio Properties,* 284 F.3d at 1016-17 (finding that service via electronic mail was "method most likely to reach" defendant and concluding district court did not abuse discretion in authorizing service via email).

# III.
# DISCUSSION

**A.    Service To Defendants' Valid Email Address**

Plaintiffs have been continuously in email communication with the Remaining Defendants through their authorized agent and representative, Stephen Huang, at the following email address: stephen@pinshine.com. Plaintiffs communicated with Defendants at this email address most recently on March 8, 2018. (Dkt. No. 5-2.)

**B.    Service To Defendants' California Counsel**

On March 28, 2018, Attorney Chen and his law firm, Zuber Lawler & Del Duca (the "Law Firm"), on behalf of the Suzhou Defendants, filed oppositions to Plaintiffs' Ex Parte Application for Alternative Service. (Defendants' Oppositions to Plaintiffs' Application for Alterative Service) (Dkt. Nos. 6, 10).) Attorney Chen and the Law Firm represented to this Court that Attorney Chen is an attorney licensed to practice law and practicing law in Los Angeles, California, and that he and the Law Firm are attorneys for the Suzhou Defendants in relation to this action. (Dkt. Nos. 6, 10.)

Attorney Chen has also recently filed a Demand for JAMS Arbitration on behalf of Pin Shine against Fourte International Limited BVI.  (Schierling Decl. ¶ 7) More recently, the Law Firm submitted a letter in the arbitration, indicating that it represents the Suzhou Defendants, too. (Schierling Decl. ¶ 8, Ex. B.) Therefore, Attorney Chen unquestionably represents and has appeared as counsel of record for all Remaining Defendants specifically with respect to this litigation.

**C.    Defendants have Eluded Service of Process**

The Suzhou Defendants have refused to return signed waivers to my office. (Schierling Decl. ¶¶ 2, 4.) Pin Shine has also refused to return a signed waiver to my office, and also refused delivery of the Court Clerk's service package. (Schierling Decl. ¶ 3.)

### D. The Chinese Ministry of Justice Will Not Process Service of Process

Significantly, since the First Order and in their attempts to serve pursuant to the Hague Convention, Plaintiffs have learned that the Chinese Ministry of Justice[8] *will not approve or process* international service of process documents if the documents reference Taiwan, the Republic of China, or ROC. (Declaration of Ann Mickow ("Mickow Decl.") ¶¶ 8, 9; Frederick S. Longer, Service of Process in China. *ABA Section of Litigation 2012 Section Annual Conference April 18-20, 2012: ABA Chinese Drywall Panel* (April 18-20, 2012), https://www.americanbar.org/content/dam/aba/administrative/litigation/materials/sac_2012/19-1_service_of_process_in_china.authcheckdam.pdf; Schierling Decl. ¶¶ 5, 6, Ex. A.) Because China refuses to accommodate service of process when a complaint references Taiwan, such as the case here, Plaintiffs are left with no option but to seek the Court's intervention.

### E. The Court's Intervention is Needed

As the Court noted in its First Order, service by email or on local U.S. counsel is allowed under FRCP 4(f)(3) "and does not have to be a last resort, nor is it only warranted in extraordinary circumstances." (Dkt. No. 13.) *FKA Distrib. Co., LLC v. Yisi Tech. Co., Ltd.*, 2017 U.S. Dist. LEXIS 151679, *2 (*citing Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015-2016 (9th Cir. 2002).) Unfortunately, it now appears that service under FRCP 4(f)(3) has become Plaintiffs' last resort.

Defendants have refused and eluded service by refusing to return Plaintiffs' waiver packages and the Court Clerk's service package. (Schierling Decl. ¶¶ 2-4.)

---

[8] To serve a defendant in China under the Hague Convention, the plaintiff must provide the service documents to the Ministry of Justice in Beijing and the Ministry of Justice will then send the service documents to appropriate local court, and that court will effect service. The Hague Conference Website, https://www.hcch.net/en/states/authorities/details3/?aid=243.

Additionally, since the Chinese Ministry of Justice will refuse to process service in this case, Plaintiffs' only option is to seek the Court's intervention.

Furthermore, by authorizing and ordering service on the Remaining Defendants' California counsel, the Court will further ensure that the Remaining Defendants' due process rights are protected. In *Juicero, Inc.,* the attorney for the China-based defendants refused to accept service. *Juicero, Inc. v. iTaste Co*., 2017 U.S. Dist. LEXIS 86033, at *3. Upon defendants' counsel's refusal to accept service, plaintiffs filed a motion for service via email, Facebook and on defendants' U.S. based attorney. *Id*. at **6-10. The court held that "service on a defendant's legal counsel is commonly found to comply with due process." *Id*. at 10. The court noted that since the China-based defendants have already been in contact plaintiff through their U.S. based legal counsel regarding the dispute, service on their counsel "would therefore be 'reasonably calculated' in these circumstance to apprise Defendants of the pendency of the" action. *Id*. at **9-10. The court also ruled that email service is permissible under the circumstances. *See Id*. at *9.

Similarly here, Plaintiffs have been in contact with Remaining Defendants' counsel, including consistently via telephone and email since August 15, 2018. (Schierling Decl. ¶ 9.) Furthermore, there is no dispute[9] that stephen@pinshine.com is the valid email address for Defendants.

## IV.
## **CONCLUSION**

Accordingly, Plaintiffs renew and supplement their request that this Court issue an Order authorizing and directing service of the Summons, Complaint, Civil Cover Sheet, and Notice of Party With Financial Interest on the Remaining Defendants (1) by email to the following email address: stephen@pinshine.com, and

---

[9] The Suzhou Defendants' opposition did not contend that stephen@pinshine.com is an invalid email address. (Dkt. Nos. 6, 10.)

1 | (2) by email and/or personal delivery to Zuber Lawler & Del Duca LLP, attention
2 | Alan Chen, 350 S. Grand Avenue, 32nd Floor, Los Angeles, California 90071.

3 | DATED:  November 1, 2018     SOLOMON WARD SEIDENWURM &
4 |                              SMITH, LLP

5 |                              By: s/Tanya M. Schierling
6 |                                   tschierling@swsslaw.com
                                      Attorneys for Plaintiffs Fourte International
7 |                                   Limited BVI and Fourte International Sdn.
                                      Bhd
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |