1
2
3
4
5
6
7

8      **UNITED STATES DISTRICT COURT**

9      **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| FOURTE INTERNATIONAL LIMITED BVI, *et al.*, | Case No. 18-cv-00297-BAS-BGS |
| Plaintiffs, | **ORDER GRANTING MOTION FOR ORDER AUTHORIZING ALTERNATIVE METHOD OF SERVICE** |
| v. | |
| PIN SHINE INDUSTRIAL CO., LTD., *et al.*, | **[ECF No. 21]** |
| Defendants. | |

18      Presently before the Court is Plaintiffs Fourte International Limited BVI and

19  Fourte International SDN.BHD's Motion for Order Authorizing Alternative Methods

20  of Service. ("Mtn," ECF No. 21.) Plaintiffs request the Court authorize service on

21  three unserved defendants, two located in the People's Republic of China and one

22  located in the Republic of China (Taiwan). Plaintiffs request the Court permit service

23  by email to Defendants' principal and/or by email and personal delivery to

24  Defendants' California counsel. Defendants opposed the Motion, ("Opp'n," ECF

25  No. 24), and Plaintiffs have filed a Reply in support of the Motion, ("Reply," ECF

26  No. 26).

27      The Court finds the Motion suitable for determination on the papers submitted

28  and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below,

this Court **GRANTS** Plaintiffs' Motion.

## I.  BACKGROUND

Plaintiffs filed a Complaint against four Defendants: Suzhou Pinshine Technology Co., Ltd., ("Suzhou Pinshine"); Suzhou Sunshine Technology Co., Ltd., ("Suzhou Sunshine"); Pin Shine Industrial Co., LTD. ("Pin Shine"); and Bobbin & Tooling Electronics International Company of BVI ("Bobbin").  In March 2018, Plaintiffs filed an ex parte motion for an order authorizing service on Pin Shine and Bobbin by mail.  (ECF No. 3.)  The Court granted the motion and ordered Plaintiffs to provide the Court with pre-addressed and prepaid envelopes for Pin Shine and Bobbin.  (ECF No. 4.)  The Court mailed the envelopes, and service was returned unexecuted as to Pin Shine.  (ECF No. 11.)  A few weeks later, Plaintiffs filed a motion requesting an order authorizing email service on Suzhou Pinshine and Suzhou Sunshine.  (ECF No. 5.)

The Court denied Plaintiffs' motion.  (ECF No. 13.)  The Court reasoned, "Plaintiffs have not shown that the circumstances of this action necessitate the Court's intervention." (*Id.* at 4.)  Plaintiffs argued the requested alternative means of service are "the most efficient and effective"  but "have not alleged any facts that show that the available methods of service have failed to affect service, that this case is of particular urgency requiring alternative service methods, or any other facts to support their requests." (*Id.*)  The present Motion followed.

## II.  LEGAL STANDARD

Under Rule 4(f), a plaintiff may serve foreign corporations in three different ways: (1) by any internationally agreed means of service reasonably calculated to give notice, such as those means authorized by the Hague Convention; (2) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction or as directed by the foreign authority in response to a letter rogatory or a letter of request; or (3) by other means not prohibited by international agreement, as the court orders.  Fed. R. Civ. P. 4(f).

## III. ANALYSIS

Plaintiffs argue "the Chinese Ministry of Justice will not process the service of process documents [for Suzhou Pinshine and Suzhou Sunshine] in this action because the documents reference 'Taiwan,' as China does not recognize Taiwan." (Mtn 3.) Plaintiffs further argue Pin Shine has refused the service package sent by the Court Clerk. (*Id.*) Plaintiffs also state it has sent Rule 4(d) waiver packets to the three Defendants, but the packets have not been returned. (*Id.*) Plaintiffs state they have been in contact through email with Defendants' agent and representative, Stephen Huang, as well as Defendants' attorney, Alan Chen. (*Id.* at 7.)

As to service on Suzhou Pinshine and Suzhou Sunshine, Defendants argue Plaintiffs have not attempted service through available methods because Plaintiffs did not attempt to utilize the Hague Convention. (Opp'n 6.) Defendants argue that the Hague Convention prohibits service by email where the destination country has objected to the means of service, and China has objected to service by "postal channel." (*Id.* at 16.) As to service on Pin Shine, Defendants also argue Plaintiff has not sufficiently attempted service, because mailing of service, which is prohibited by Taiwanese law, is insufficient to show alternative means of service should be used. (*Id.* at 9.) Defendants argue Taiwanese law also prohibits service by email for purposes of foreign litigation. (*Id.*)[1]

First, Plaintiffs are not required to attempt service through the Hague Convention. Rule 4(f)(3) authorizes service as long as "it is not prohibited by

---

[1] Defendants' finally argue that Plaintiff Fourte International Ltd. and Pin Shine have executed an agreement to arbitrate and "a decision regarding Rule 4(f)(3) relief may be unnecessary." (Opp'n 10.) Defendants confusingly argue that Plaintiffs' lawsuit before this Court is a breach of the obligation to arbitrate and if the Court grants Plaintiffs' Motion, "the Court risks undermining the parties' arbitration agreement and unnecessarily complicating the instant proceedings while inviting additional frivolous motions for alternative service." (*Id.* at 17.) The Court has not previously been informed of any arbitration agreement in this case. There is no information as to how the mere allowance of service through email would undermine an arbitration agreement. In any event, a potential complication of the Parties' arbitration proceedings is not something taken into consideration when determining whether to authorize alternative service.

international agreement." Fed. R. Civ. P. 4(f)(3). This "stands independently of FRCP 4(f)(1); it is not necessary for plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'" *In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008). The court in *Microsoft Corporation v. Goldah.com Network Technology Co.* provided a sound analysis of the issue:

> The Hague Convention "requires each state to establish a central authority to receive requests for service of documents from other countries." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1508 (2017). When the central authority "receives an appropriate request, it must serve the documents or arrange for their service and then provide a certificate of service." *Id.* (internal citations omitted). However, Article 10 of the Hague Convention also permits service through means such as postal channels, provided the destination state (here, China) does not object. *Id.* China has objected, so Article 10 does not apply.
>
> Yet China's objection to Article 10 does not prohibit the email service the Court ordered in the instant case. As this Court has noted previously, "numerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that . . . have objected to the alternative forms of service permitted under Article 10 of the Hague Convention." *Richmond Techs.*, 2011 WL 2607158, at *12; *see, e.g., In re LDK Solar Securities Litigation*, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2008) (permitting service of Chinese defendants under Rule 4(f)(3), despite China's objections to Article 10, because the service requested did not involve service by "postal channels"); *Williams–Sonoma Inc. v. Friendfinder Inc.,* 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (permitting service by email, but not by international mail, for defendants in countries that objected to Article 10 of the Hague Convention).

No. 17-CV-02896-LHK, 2017 WL 4536417, at *4 (N.D. Cal. Oct. 11, 2017). The court found email service permissible.

This Court agrees and finds Plaintiffs may serve Suzhou Pinshine and Suzhou Sunshine (located in China) through email and through service upon local counsel. The same applies to Pin Shine (located in Taiwan). *See Tatung Co. Ltd. v. Hsu*, No.

SACV131743DOCANX, 2015 WL 11089492, at *2 (C.D. Cal. May 18, 2015) (finding "[t]he United States and Taiwan have not signed any treaties or agreements regarding service of process from United States courts" and "no international agreement expressly prohibits the proposed methods of service"); *Ryan v. Brunswick Corp.*, No. 02-CV-0133E(F), 2002 WL 1628933, at *1–3 (W.D.N.Y. May 31, 2002) (allowing e-mail service because Taiwan is not a party to the Hague Convention or any other relevant international agreements); *see also Alu, Inc. v. Kupo Co.*, No. 6:06-cv-327-ORL-28DAB, 2007 WL 177836, at *3–4 (M.D. Fla. Jan. 19, 2007) (noting the district judge allowed e-mail service on a Taiwanese corporation).

Finally, "[e]ven if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Court finds that service through email to Defendants' agent and to Defendants' counsel is reasonably calculated to inform Defendants of the action. Defendants have filed responses to Plaintiffs' motions and it is evident Defendants and their counsel are already informed of the pendency of this matter.

/ / /

/ / /

/ / /

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for an order permitting alternative service for Suzhou Pinshine Technology Co., Ltd., ("Suzhou Pinshine"); Suzhou Sunshine Technology Co., Ltd., ("Suzhou Sunshine"); and Pin Shine Industrial Co., LTD. ("Pin Shine").   Plaintiffs may serve this order, the Summons, and Complaint on Defendants by sending email messages, return receipt requested, to Defendants' principal, Stephen Huang, at stephen@pinshine.com; and by sending email messages, return receipt requested, to Defendants' California counsel, Alan Chen, at acchen@zuberlaw.com.  Plaintiffs must serve Defendants and file proof of service on or before January 23, 2019.

**IT IS SO ORDERED.**

**DATED:  January 17, 2019**

Hon. Cynthia Bashant
United States District Judge